IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DIANE K. DOUGLAS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   No. 09 C 1370 |
| | ) |
| **WILMINGTON FINANCE, INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Wilmington Finance, Inc.'s (Wilmington) motion to dismiss and on Defendant Bank of America's (BOA) motion to dismiss. For the reasons stated below, we grant the motions to dismiss.

## BACKGROUND

Plaintiff Diane K. Douglas (Douglas) entered into a consumer credit loan (Loan) with Wilmington in October 2006. In two mortgage transactions, Wilmington provided Douglas with $236,000 to refinance the mortgage on her home and she received $35,000 in cash from the closing. The security interest for the loan was Douglas' residence (Residence). The Loan closing was allegedly on October 16, 2006, and Douglas contends that Wilmington did not mail her copies of the

1

documents from the closing of the loan until November 11, 2008, over two years later. Sometime after the Loan closing BOA obtained ownership in the Loan interest from Wilmington. Douglas claims that on December 2, 2008, she rescinded the loan transaction by sending a notice of rescission to Wilmington. According to Douglas, despite her rescission of the loan, Defendants have not taken steps to indicate the termination of the security interest in the Residence. Douglas includes in her second amended complaint a Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.*, claims seeking statutory damages and a TILA claim seeking a rescission of the Loan. Wilmington has filed a motion to dismiss, and BOA has filed a motion to dismiss.

## LEGAL STANDARD

In ruling on a motion to dismiss, a court must "take all of the factual allegations in the complaint as true" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (U.S. 2009); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted) (emphasis in original)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (U.S. 2007)); *Hecker v. Deere & Co.*, 569 F.3d 708, 710-11 (7th Cir. 2009)(stating that "*Iqbal* reinforces *Twombly*'s message that '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged'")(quoting in part *Iqbal*, 129 S.Ct. at 1949).

A complaint that contains factual allegations that are "merely consistent with a defendant's liability, . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted); *see also Hecker*, 569 F.3d at 710-11 (stating that the Court in *Iqbal* "explained further that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not show[n]-that the pleader is entitled to relief'")(quoting in part *Iqbal*, 129 S.Ct. at 1949).

## DISCUSSION

I.  TILA Damages Claims

Defendants argue that Douglas' TILA damages claims are barred by the statute of limitations. Generally, a plaintiff in her "complaint need not anticipate or overcome affirmative defenses such as the statute of limitations." *Hollander v. Brown*, 457 F.3d 688, 691 (7th Cir. 2006). However, a court can dismiss a claim based on a statute of limitations defense "when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense." *Id.* Douglas provides the pertinent dates in her complaint regarding the Loan documents she received from Defendants when she received them. In response to the motions to dismiss, Douglas does not seek to invoke the equitable tolling doctrines and responds by arguing that the claims are timely because although they were brought beyond the

one-year statute of limitations, the pertinent statute of limitations is three years.

TILA provides in 15 U.S.C. § 1640(e) (Section 1640(e)), a section that deals with TILA damages claims, "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). TILA also provides in 15 U.S.C. § 1635 that "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction. . . ." 15 U.S.C. § 1635(f). TILA also provides in 15 U.S.C. § 1635: "In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind." 15 U.S.C. § 1635(g). Douglas argues that in actions for rescission the three year limitations period applies to all TILA violations. Douglas relies solely on *Washington v. Ameriquest Mortg. Co.*, 2006 WL 1980201 (N.D. Ill. 2006), which "adopt[ed] the reasoning of a District of Massachusetts case, *McIntosh v. Irwin Union Bank & Trust Co.,* 215 F.R.D. 26, 30 (D.Mass. 2003)." *Id.* at *8.

The holding in *McIntosh*, however, has been drawn into question by other cases in this district that have held that for, TILA damages claims, the one year statute of limitations period is not replaced by the three year limitations period. *See, e.g., Bell v. Ameriquest Mortg. Co.*, 2004 WL 2973819, at *1 (N.D. Ill. 2004)(stating that "[w]ith all respect, this Court finds the *ipse dixit* statement in *McIntosh,* which was stated in purely conclusory form after having quoted Section 1635(g), to be

4

unpersuasive"). We find the reasoning in the cases that have ruled contrary to *Washington* and *McIntosh* to be persuasive. *See Briscoe v. Deutsche Bank Nat. Trust Co.*, 2008 WL 4852977, at *4 (N.D. Ill. 2008)(stating that "both the language of § 1635(g) and its legislative history support the notion that this subsection was not intended to alter the statute of limitations applicable to TILA damage claims" and "[t]he majority of courts addressing this issue have reached the same conclusion")(internal quotations omitted); *Brown v. Nationscredit Financial Services Corp.*, 349 F.Supp.2d 1134, 1137 (N.D. Ill. 2005)(stating that "[t]he Court does not believe that in adopting § 1635(g), Congress intended to alter the one-year statute of limitations applicable to damage claims," that "[n]otably, § 1635(g) contains no language to suggest that Congress intended to override the statute of limitations set out in § 1640(e)," and that "[t]he more appropriate reading, consistent with its language, is that Congress was simply clarifying that a plaintiff bringing a claim for rescission could also sue for statutory damages"). Therefore, we conclude that the one-year statute of limitations in Section 1640(e) applies to Douglas' TILA damages claims. The Loan transaction occurred October 2006, and the TILA damages claims brought in the instant action in March 2009 are untimely. Therefore, we grant Defendants' motion to dismiss the TILA damages claims.

II. Rescission Claim

     Defendants also move to dismiss the Rescission claim. Defendants argue that Douglas failed to plead a valid rescission claim, that Douglas did not seek to rescind

the Loan within three days of receiving Loan documents, and that Douglas has not alleged an ability and desire to tender the necessary payment that will accompany a rescission.

Defendants argue that Douglas has not plausibly suggested a right to rescission based on the exhibits attached to the second amended complaint. Douglas has attached to the second amended complaint documents signed by Douglas indicating that she acknowledged receipt of all the necessary Loan documents. Defendants contend that in the absence of an explanation in the second amended complaint, Douglas' conclusory assertion that she never received any documents at the Loan closing is not plausible in light of her signed receipts. We note that Douglas has attached an affidavit to her opposition to the motions to dismiss, indicating that she left the closing without any documents because she was told that the documents would be mailed to her. However, evidentiary documents such as affidavits are improperly raised at the pleading stage. For a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), with limited exceptions, the focus is solely upon the allegations in the complaint. *Centers v. Centennial Mortg., Inc.*, 398 F.3d 930, 933 (7th Cir. 2005)(stating that "[w]hen ruling on a motion to dismiss, the court generally should consider only the allegations of the complaint"). A plaintiff thus cannot supplement the complaint allegations in an opposition to a motion to dismiss and the proposed affidavit by Douglas is improper especially since the affidavit presents evidentiary statements that are not part of the motion to dismiss analysis. The documents included with the complaint indicate unequivocally that she

received the proper notices at the closing.  Without any explanation, she asserts in a conclusory manner that she did not receive any of the documents.  Such an inconsistent conclusory statement does not plausibly suggest a right to relief.  Douglas defeats her own claim with her attachments to her second amended complaint.

Defendants also argue that even if the court accepts as true Douglas' contention that she did not get the necessary Loan documents at the closing, she admits in the second amended complaint to receiving the documents on November 11, 2008.  Pursuant to 15 U.S.C. § 1635(a) of TILA, which discusses "[d]isclosure of obligor's right to rescind," "the obligor shall have the right to rescind the transaction until midnight of the *third business day* following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so." *Id.*  Douglas acknowledges that she received Loan documents on November 11, 2008 and she did not provide Defendants with a notice of her intention to rescind the Loan until December 2, 2008, well past the three day period.

Finally, Defendants argue that Douglas has not shown an ability or desire to tender the requirement payment that would be part of the rescission process.  We agree that since it is Douglas that is seeking a rescission it would be incumbent upon her to verify that she will comply with her obligations in the rescission process.

However, since we have found that Douglas did not properly plead a rescission claim and she received notice and did not file a notice of rescission within three days, we need not consider her ability or desire to tender payment. Therefore, we grant Defendants' motions to dismiss the rescission claim.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motions to dismiss.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 18, 2009